








```
CSG    9/6/02    12:15
3:02-CV-01647   CELTERRA NORTH V. TROWBRIDGE
*5*
*ANS.*
```

Linda Van Winkle Deacon (State Bar No. 60133)
Susan C. V. Jones (State Bar No. 149446)
BATE, PETERSON, DEACON, ZINN & YOUNG, LLP
888 South Figueroa Street
15th Floor
Los Angeles, California 90017
Telephone:   (213) 362-1860
Facsimile:    (213) 362-1861

Attorneys for Defendant
J. BENJAMIN TROWBRIDGE

FILED
02 SEP -5 AM 10: 43
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

NUNC PRO TUNC
SEP - 3 2002

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELTERRA NORTH AMERICA, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>J. BENJAMIN TROWBRIDGE, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No. 02 CV 1647 K (AJB)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**   VIA FAX |

Defendant J. Benjamin Trowbridge ("Trowbridge") appearing for himself and no other defendants, for his answer to the First Amended Complaint (the "Complaint") filed in this cause by Plaintiff Celterra North America, Inc. ("Plaintiff" or "Celterra") states as follows:

### VENUE AND PARTIES

1. Responding to Paragraph 1 of Plaintiff's Complaint, Trowbridge admits that to the best of his knowledge, Plaintiff Celterra is a corporation incorporated in the State of Delaware and with its principal place of business in the County of San Diego, California.

1

ANSWER TO FIRST AMENDED COMPLAINT   ORIGINAL

Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 1 of the Complaint.

2. Responding to Paragraph 2 of Plaintiff's Complaint, Trowbridge admits that he is a citizen of the City of Miami Beach, in the State of Florida. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 2 of the Complaint.

3. Responding to Paragraph 3 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 3 of the Complaint.

4. Responding to Paragraph 4 of Plaintiff's Complaint, Trowbridge admits that venue is proper in the County of San Diego, and that Celterra's principal place of business is in the City of Carlsbad, County of San Diego. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

5. Responding to Paragraph 5 of Plaintiff's Complaint, Trowbridge admits that Celterra retained him in mid-2000 to be its Chief Executive Officer and that he entered into the employment agreement, a copy of which is attached to the Complaint as Exhibit "A," which document speaks for itself as to its terms. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 5 of the Complaint.

6. Responding to Paragraph 6 of Plaintiff's Complaint, Trowbridge admits that he entered into the employment agreement, a copy of which is attached to the Complaint as Exhibit "A," which document speaks for itself as to its terms. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 6 of the Complaint.

7. Responding to Paragraph 7 of Plaintiff's Complaint, Trowbridge admits that he entered into the employment agreement, a copy of which is attached to the Complaint as Exhibit "A," and a promissory note, a copy of which is attached to the Complaint as Exhibit "B," which documents speak for themselves as to their respective terms. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 7 of the Complaint.

2

ANSWER TO FIRST AMENDED COMPLAINT

8.  Responding to Paragraph 8 of Plaintiff's Complaint, Trowbridge admits that he entered into the employment agreement, a copy of which is attached to the Complaint as Exhibit "A," and a promissory note, a copy of which is attached to the Complaint as Exhibit "B," which documents speaks for themselves as to their respective terms. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 8 of the Complaint.

9.  Responding to Paragraph 9 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 9 of the Complaint.

10. Responding to Paragraph 10 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 10 of the Complaint.

## PURPORTED FIRST CAUSE OF ACTION

(Allegedly for Breach of Contract Against Benjamin Trowbridge)

11. Responding to Paragraph 11 of Plaintiff's Complaint, Trowbridge incorporates by reference his responses to Paragraphs 1 though 10 as if set forth in full.

12. Responding to Paragraph 12 of Plaintiff's Complaint, Trowbridge admits that he entered into the employment agreement, a copy of which is attached to the Complaint as Exhibit "A," which document speaks for itself as to its terms. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 12 of the Complaint.

13. Responding to Paragraph 13 of Plaintiff's Complaint, Trowbridge admits that he entered into the employment agreement, a copy of which is attached to the Complaint as Exhibit "A," which document speaks for itself as to its terms. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 13 of the Complaint.

14. Responding to Paragraph 14 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 14 of the Complaint.

15. Responding to Paragraph 14 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 15 of the Complaint.

///

3

ANSWER TO FIRST AMENDED COMPLAINT

16. Responding to Paragraph 16 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 16 of the Complaint.

17. Responding to Paragraph 17 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 17 of the Complaint and further denies that Plaintiff has suffered any damage as a result of any action alleged in the Complaint.

### PURPORTED SECOND CAUSE OF ACTION

(Allegedly for Breach of Promissory Note Against Benjamin Trowbridge)

18. Responding to Paragraph 18 of Plaintiff's Complaint, Trowbridge incorporates by reference his responses to Paragraphs 1 though 17 as if set forth in full.

19. Responding to Paragraph 19 of Plaintiff's Complaint, Trowbridge admits that he entered into the employment agreement, a copy of which is attached to the Complaint as Exhibit "A," and a promissory note, a copy of which is attached to the Complaint as Exhibit "B," which documents speak for themselves as to their respective terms. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 19 of the Complaint.

20. Responding to Paragraph 20 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 20 of the Complaint.

21. Responding to Paragraph 21 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 21 of the Complaint.

22. Responding to Paragraph 22 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 22 of the Complaint.

23. Responding to Paragraph 23 of Plaintiff's Complaint, Trowbridge admits that he has not made any payments to Plaintiff. Trowbridge denies, both generally and specifically, all other allegations contained in Paragraph 23 of the Complaint.

24. Responding to Paragraph 24 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 24 of the Complaint.

///

4

25. Responding to Paragraph 25 of Plaintiff's Complaint, Trowbridge denies, both generally and specifically, all allegations contained in Paragraph 25 of the Complaint and further denies that Plaintiff has suffered any damage as a result of any action alleged in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

26. Neither the Complaint, nor any cause of action purportedly set forth therein, states facts sufficient to constitute a cause of action against Trowbridge.

### Second Affirmative Defense

27. Trowbridge is informed and believes, and thereupon alleges, that each of the purported causes of action contained in the Complaint, is barred pursuant to the doctrine of laches.

### Third Affirmative Defense

28. Trowbridge is informed and believes, and thereupon alleges, that each of the purported causes of action contained in the Complaint, is barred pursuant to the doctrine of estoppel.

### Fourth Affirmative Defense

29. Trowbridge is informed and believes, and thereupon alleges, that each of the purported causes of action contained in the Complaint, is barred by Plaintiff's unclean hands.

### Fifth Affirmative Defense.

30. Trowbridge is informed and believes, and thereupon alleges, that Plaintiff have waived any right to the relief sought in the Complaint.

5

ANSWER TO FIRST AMENDED COMPLAINT

### Sixth Affirmative Defense

31. The contracts referenced in the Complaint were modified by subsequent oral and/or written agreements of the parties, and Trowbridge has taken no action to breach the parties' contracts, as modified.

WHEREFORE, Trowbridge demands that the Court enter judgment in his favor as follows:

(1) That Plaintiff take nothing by its Complaint;

(2) For costs of suit, including reasonable attorneys fees; and

(3) For such other and further relief as the court may deem just and proper.

DATED: September 3, 2002                BATE, PETERSON, DEACON, ZINN & YOUNG LLP

By: _____
Susan C. V. Jones
Attorneys for Defendant J. BENJAMIN TROWBRIDGE

6

ANSWER TO FIRST AMENDED COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.

On September 3, 2002, I caused to be served the foregoing documents described as **ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Kenneth A. Fink, Esq.
Stacy A. Coleman, Esq.
KEITH A. FINK & ASSOCIATES
11500 Olympic Boulevard, Suite 316
Los Angeles, CA 90064
Phone (310) 268-0780
Facsimile (310 268-0790
**Attorney for Celterra North America, Inc.**

[X] **By MAIL as follows:**

[ ] **STATE** - I am "readily familiar" with Bate, Peterson, Deacon, Zinn & Young's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter is more than one (1) day after date of deposit for mailing in affidavit.

[X] **FEDERAL** - I deposited such envelope in the U.S. Mail at Los Angeles, California, with postage thereon fully prepaid.

[ ] **STATE** - I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

[X] **FEDERAL** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 3, 2002, at Los Angeles, California.

_____Heather Engelhard_____       _____[signature]_____
Type or Print Name                          Signature

7

ANSWER TO FIRST AMENDED COMPLAINT